Metcalf & Martin, *et als., v.* Henry Landers, *et als.*

---

## METCALF & MARTIN, *et als., v.* HENRY LANDERS, *et als.*

PLEADING AND PRACTICE.  *Petition.  Must not be dismissed.  When.* Where a party has been proceeded against as a non-resident, but in fact is not, and a decree is had against him, his petition, stating that he had no knowledge of the pendency of the suit, and praying for a supersedeas, and leave to make his defence, must not be taken from the files because it is not accompanied with an answer.  It was not necessary that his answer should be filed until it was determined by the Court that he was entitled, upon the facts stated in the petition, to make defence by answer.  A reasonable time should have been given to file an answer.

### FROM FRANKLIN.

Appeal from the Chancery Court.   A. S. MARKS, Chancellor.

FITZPATRICK, GREGORY & DAVIS, and J. J. WILLIAMS and LEWIS METCALF for Metcalf, Martin, *et als.*

A. G. MERRITT for Landers, *et als.*

Metcalf & Martin, *et als.*, *v.* Henry Landers, *et als.*

NICHOLSON, C. J., delivered the opinion of the Court.

In this case complainants filed their bill in the Chancery Court at Winchester, against Henry Landers, as a non-resident, or party whose residence was unknown, to enforce their lien, as attorney, on a judgment for $2,000, rendered in the Supreme Court against the Southern Security Railway Company. After publication and *pro confesso* decree, an order was made referring the cause to the Clerk and Master, to take proof and report whether the claim of complainants of $1,000 for their services as attorneys was reasonable. Proof was taken and a report made, that each of the attorneys, four in number, constituting two firms, was entitled to $250. The report was unexcepted to and confirmed, and an order made on the Clerk of the Supreme Court to pay over the amounts to the several attorneys.

The entire proceeding was *ex parte*, the defendant Landers having no notice, and making no appearance or defence.

Soon after the decree was rendered, Landers filed his petition before Chancellor Marks, denying that he owed anything to Williams and Can, but admitting that Metcalf and Martin were his attorneys, and that he was indebted to them, but not in the amount decreed; that he had no knowledge of the pendancy of the suit until after the decree, although he had been all the time a resident of Davidson County, and praying for a supersedeas and leave to make his de-

Metcalf & Martin, *et als.*, *v.* Henry Landers, *et als.*

fence. Chancellor Marks granted a supersedeas; but at the next Term of the Court, on motion, Judge Hickerson directed the petition to be taken from the files, because it was not accompanied with an answer, and ordered the former decree to be enforced.

Landers petitioned one of the Judges of this Court for writs of error and supersedeas, which being granted, the cause was brought here.

The petition disclosed merits, and as the decree had been rendered against the defendant as a non-resident, or a party whose residence was unknown, it was error to order his petition to be taken from the files. The object of the petition was two-fold, first, to have a supersedeas, and, next, to have leave to answer. It was not necessary that his answer should be filed until it was determined by the Court that he was entitled, upon the facts stated in his petition, to make defense by answer. The petition itself was sufficient, in its statement of a defence, to be allowed to stand on an answer, or, at least, a reasonable time should have been given to file an answer.

For this error the decree is reversed, and the cause remanded, that the defendant may file his answer, and other proceedings he had thereon, the former decree being set aside and vacated upon the filing of a sufficient answer. The costs of this Court will be paid by complainants.